

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-7370
Re: Is the ten dollar membership fee made by
the Southwestern Dance Association of
El Paso taxable under Article 7047a-19,
V. A. C. S.?

You submit for the opinion of this department the
question of the liability of the Southwestern Dance Association
of El Paso, Texas, for admission taxes imposed by Sections 3,
4 and 5 of Article 7047a-19, V. A. C. S., under the statement
of facts applicable to said association as disclosed by your
letter and the enclosures attached thereto.

For a more comprehensive statement of the question
presented and the facts upon which our answer will be based,
we quote from your letter and the advertisement sent out by
the association to prospective patrons. These follow below:

". . .

"The Southwestern Dance Association of El Paso has
been promoting dances and charging admissions as follows:

"$3.00 plus State and Federal tax - per couple.
"$2.00 plus State and Federal tax - per stag.
"$1.00 plus State and Federal tax - per spectator.

"Mr. Rivera O. Bowden, President of the Association,
has announced a change in their plan of collecting admis-
sions to the dances promoted by them. I am herewith
enclosing a circular, that will explain the new plan of
the association, and which has been sent to various persons
in the vicinity of El Paso.

"Judging from information I have before me, the
Southwestern Dance Association is not a State, religious,
educational or charitable organization.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Geo. H. Sheppard, page 2


"Your opinion, with reference to the following question, will be appreciated.

"Is the ten ($10.00) dollars membership fee, referred to in the attached circular, taxable under Article 7047a-19, V. A. C. S.?"


"SOUTHWESTERN DANCE ASSOCIATION
Presents
EARL (FATHER) HINES
His Piano and His Orchestra
Saturday, July 13, 1946 - 9 till 1
LIBERTY HALL                                    MEMBERS ONLY
Membership $10.00 per couple
Gate admission $2.00 plus tax per couple each dance.
Tickets and table reservations available at the Cortez
Drug, Monday, July 8 through Saturday July 13.

"This mid-summer attraction is being brought to the members of the Southwestern Dance Club. In response to the many requests for the continuation of our policy of membership by invitation, you may still expect a limited attendance to this dance. The membership fee is $10.00. The membership card entitles a couple to attend the remaining four 'Name Band' dances of the Spring-Summer series at a charge of only $1.00 per person, plus tax, admission to each dance. If our membership goal is completed, as we anticipate, it is our plan to present one 'Bonus Dance,' with no charge to members other than the membership card. In this manner we will be assuring five dances to those who come in at this time.

"It is possible we may sign a Number One Name Band before July 13. In that case, you will be notified immediately, and as a member of this Dance Club, will be entitled to come to this dance which would be the second of our series.

"We hope you will join your friends in dancing and fun Saturday, July 13, to the music of EARL HINES AND HIS MUSIC.

Hon. Geo. H. Sheppard, page 3

"If you will send your check for $10.00 to P. O. Box 421, El Paso, your membership card will be mailed to you. Or by bringing this letter of invitation with you to the Cortez Drug Monday, July 8 through Saturday July 13, your membership card can be issued. Tickets for the Hines dance and table reservations may also be arranged during that week.

Cordially yours,<br>
SOUTHWESTERN DANCE ASSOCIATION<br>
By:  RIVERS O. BOWDEN<br>
President."

"Southwestern Dance Association
P. O. Box 421, El Paso, Texas

Gentlemen:
            I desire to become a member of the Southwestern Dance Club, and enclose $10.00 to cover the cost of the membership fee. Please issue membership card and mail to me at _____

_____
                        Very truly yours,


                                            "
                        _____

The sole question for our determination is whether or not the membership fee of ten dollars per couple, as advertised in the letter quoted above, constitutes the price or fee paid for admission as contemplated in Sections 3, 4 and 5, Article 7047a-19, V.A.C.S. If this ten dollar membership fee is the price or a part thereof for admission as used in the statute, then obviously it is taxable; but if it is not to be considered as a part of the price or fee paid for admission in computing the tax imposed by the statute, then it is not taxable.

As far as we are able to ascertain from a careful search the precise question presented by you has not thus far been passed upon by an appellate court of this State, hence we are relegated to a construction of the statute without the aid of prior judicial interpretation.

Hon. Geo. H. Sheppard, page 4

The tax is upon the fee, charge or part thereof paid for admission, and we must determine whether or not the $10. membership fee per couple constitutes a part of the price paid as admission. We think under the plan adopted this does constitute an important part of the price paid for admission. The circular indicates that under the plan "a limited attendance" will be achieved. "The membership card entitles a couple to attend the remaining four 'Name Band' dances." Thus, in order to attend the dance or dances, the members availing themselves of this plan must have a membership card, and admission is of course a necessary incident to attending the dances.

In the case of United States v. Koller, (District Court, Western District of Washington) 287 F. 418, in construing the federal statute assessing a tax upon admission fees, said:

"The tax is on 'the amount paid for admission' to any place. Amount paid for admission means amount necessarily paid because required for admission. In other words an amount not required for admission but given voluntarily before or after admission is not taxable."

Under the plan, the amount may be paid before admission, but it is certainly not paid voluntarily; rather it is paid as a necessary part of the right to admission.

Tested by this rule, the membership fee is in our view clearly shown to be a part of the charge for admission to attendance upon the dances.

You are therefore respectfully advised that in our opinion the $10. membership fee is in truth and in fact a part of the charge for admission and therefore taxable.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

L. P. Loller
Assistant

LPL:AMM

APPROVED OCT 17, 1946

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN